# United States Tax Court

T.C. Summary Opinion 2024-17

KWAKU EASON AND ASHLEY L. LEISNER,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 18006-19S.                      Filed August 13, 2024.

————

Kwaku Eason and Ashley L. Leisner, pro se.

*Christine A. Fukushima, Nora Demirjian, Yervant P. Hagopian*, and *Katherine Holmes Ankeny*, for respondent.

## SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated July 12, 2019 (notice), respondent determined a deficiency in petitioners' 2016 federal income tax and a section 6662(a) accuracy-related penalty. The issues for decision are whether petitioners (1) were engaged in a trade or business during 2016 that would allow for the deductions shown on Schedule C, Profit or Loss

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

From Business, included with their 2016 federal income tax return (return), and (2) are liable for a section 6662(a) accuracy-related penalty.

*Background*

Some of the facts have been stipulated and are so found. When the Petition was filed, Kwaku Eason, an engineer, lived in California, and Ashley L. Leisner, a nurse, lived in Michigan.

At the start of 2016 petitioners owned two residential properties. One was held for rent and rented out during that year, and the other was sold on June 28, 2016. Kwaku Eason lost his job shortly before or after the start of 2016. For personal and family reasons petitioners decided to explore various income-generating activities separate and apart from their educational and professional backgrounds.

Around that time Advanced Real Estate Education (Education) offered courses on business opportunities available through real estate ownership and investment. Education's services came to petitioners' attention through internet research and television programing. During 2016 petitioners enrolled in two courses offered by Education and paid the company $41,934 to do so.

On July 29, 2016, petitioners formed Ashley & Makai Homes (Homes), a corporation that for 2016 made a valid election to be taxed under subchapter S of the Internal Revenue Code. *See* § 1362. As of the close of 2016, petitioners owned 100% of the stock of Homes. According to petitioners, Homes was formed to provide advice and guidance to real estate owners and investors, although the specific services that Homes intended to offer and/or provide to customers is unclear. Nothing in the record suggests that petitioners or Homes were required to obtain any federal, state, or local license before the intended business activity could begin.

Petitioners had business cards and business stationery printed, and they attended some of the training sessions in connection with Education's courses; but it is unclear what else, if anything, they did in connection with Homes' intended purpose. As it turned out, Education defaulted on many of the services that petitioners expected to receive from the company. By the close of 2018 Education had gone out of business, and petitioners had abandoned whatever business activities they intended to conduct through Homes.

Expenses attributable to Homes, including the cost of the Education courses, are shown as deductions on a 2016 Form 1120S, U.S. Income Tax Return for an S Corporation, as well as on a Schedule C included with petitioners' return. Neither the Form 1120S nor petitioners' return shows any income attributable to the real estate services intended to be offered or offered by petitioners or Homes. Both the Form 1120S and petitioners' Schedule C show a loss resulting from the deductions claimed on each document.

## *Discussion*

I. *Schedule C Deductions*

In the notice respondent disallowed all the deductions claimed on the Schedule C. Because petitioners did not claim a flowthrough loss from Homes, the deductions have not been duplicated. At trial petitioners acknowledged that the deductions should have been taken into account as petitioners' pro rata shares of the loss incurred by Homes, *see* § 1366(d)(1), rather than claimed on the Schedule C. To keep things simple, however, we ignore the technicalities that govern the federal income taxation of an S corporation and its shareholders and focus on petitioners' entitlement to the deductions as though the deductions were properly reportable as trade or business expenses on the Schedule C included with the return.

Respondent advances various reasons why petitioners are not entitled to any of the deductions claimed on the Schedule C; we need to focus on only one. According to respondent, petitioners are not entitled to the deductions because whatever business activity petitioners or Homes intended to carry on had not started by the close of 2016.

Generally, the Commissioner's determination made in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[2] As we have observed in opinions too numerous to count, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

---

[2] Petitioners do not claim, and the record does not otherwise demonstrate, that the provisions of section 7491(a) apply here, and we proceed as though they do not.

Section 162(a) permits a deduction for ordinary and necessary expenses paid or incurred during the taxable year "in carrying on any trade or business." An expense is deductible under section 162 only if it is paid or incurred while the taxpayer is "carrying on" a trade or business, not before. *See* § 195(a); *see also Richmond Television Corp. v. United States*, 345 F.2d 901, 907 (4th Cir. 1965), *vacated and remanded per curiam on other grounds*, 382 U.S. 68 (1965). A taxpayer has not "'engaged in carrying on any trade or business' within the intendment of section 162(a) until such time as the business has begun to function as a going concern and performed those activities for which it was organized." *See Richmond Television Corp.*, 345 F.2d at 907.

Neither Homes nor petitioners reported any income from a business activity related to the disputed deductions, presumably because none was earned. The absence of income, in and of itself, does not compel a finding that a business has not yet started if other activities show that it has. Here, however, the absence of income coupled with the absence of any activity that shows that services were offered or provided to clients or customers during 2016 supports respondent's position that the business had not yet started by the close of that year.

More likely than not, Education's failure to fulfil its contractual obligations to petitioners frustrated their intention to start the business they had expected to conduct through Homes. Whatever the reason, petitioners have failed to demonstrate that they were carrying on a trade or business themselves or through Homes by the close of 2016. That being so, they are not entitled to the deductions claimed on the Schedule C, and respondent's disallowance of those deductions is sustained.

## II. *Section 6662(a) Penalty*

Respondent determined that petitioners are liable for a section 6662(a) accuracy-related penalty. That section provides for a penalty if, among other reasons, the underpayment of tax required to be shown on a taxpayer's return is attributable to a substantial understatement of income tax. *See* § 6662(b)(2), (d). The record shows that the amount of the underpayment of tax required to be shown on petitioners' 2016 return is attributable to a substantial understatement of income tax. The record also shows that respondent has satisfied the obligations that allow him to impose the section 6662(a) penalty here in dispute. *See* §§ 6751(b)(1), 7491(c). Nevertheless, respondent's determination of the penalty is rejected because we find, for the reasons summarized below,

that petitioners had reasonable cause with respect to the underpayment of tax and acted in good faith. *See* § 6664(c).

Unlike countless other cases where the imposition of a section 6662(a) penalty is supported, at least in part, by the taxpayer's claiming deductions that could not be substantiated, here there is no dispute that the expenses to which the disallowed deductions relate were paid.

Further, reasonable minds could differ over the point in time, and/or the specific actions that establish when a business not subject to a licensing obligation begins. The Internal Revenue Code touches on the point, but little guidance is offered. For example, section 195(c)(2) provides, in relevant part, that "the determination of when an active trade or business begins shall be made in accordance with such regulations as the Secretary may prescribe," but there are no such regulations.

Petitioners spent a considerable amount to enroll in Education's courses during 2016. They had business cards and stationery printed during 2016. But for the failure of Education to honor its contractual obligations to them, they might very well have taken additional actions to allow for a finding that the business started during 2016. We are satisfied that they believed in good faith that it did. They are not liable for a section 6662(a) penalty.

To reflect the foregoing, including the agreement between the parties with respect to Ashley L. Leisner's entitlement to section 6015(f) relief,

*Decision will be entered under Rule 155.*